**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Incorporated,<br><br>        Plaintiff,<br><br>v.<br><br>Robert Sizemore and Sleepy Dog Saloon and Brewery LLC,<br><br>        Defendants. | Case No. 2:15-cv-00695-DLR<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Summary Judgment. (Doc. 41.) The motion is fully briefed. For the following reasons, the motion is granted.

## **BACKGROUND**

Plaintiff is Joe Hand Promotions, Inc., a closed circuit distributor of sports and entertainment programming. (Doc. 41-2, ¶ 2.) Defendants are Sleepy Dog Saloon & Brewery LLC and Robert Sizemore, its sole shareholder, managing member, and the individual identified on its liquor license. (*Id.*, ¶¶ 3-5.) Defendants operate Sleepy Dog Brewery, a small beer tasting establishment in Tempe, Arizona. (*Id.*, ¶ 3.) On April 26, 2014, Defendants ordered "Ultimate Fighting Championship 172: Jon Jones v. Glover Teixeira Championship Fight Program" (the Program) from DirecTV and displayed it at Sleepy Dog Brewery with patrons present. (*Id.*, ¶¶ 1, 6, 9-11; Doc. 46, ¶¶ 15-16.) Plaintiff, however, held the exclusive commercial distribution rights to the Program and did not authorize Defendants to broadcast it commercially. (Doc. 41-2, ¶¶ 2, 7; Doc. 47-

1  2, ¶¶ 15-18.) Accordingly, Plaintiff filed this lawsuit, alleging that Defendants
2  unlawfully intercepted and displayed the Program without authorization in violation of
3  the Cable & Television Consumer Protection and Competition Act, 47 U.S.C. § 553, and
4  the Federal Communications Act, 47 U.S.C. § 605. (Doc. 1.) Plaintiff now moves for
5  summary judgment. (Doc. 41.)

## LEGAL STANDARD

Summary judgment is appropriate when, viewing the facts in a light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The burden then shifts to the non-movant to establish the existence of a material fact. *Id*. at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead "come forward with 'specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e) (1963)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory allegations, unsupported by factual material, are insufficient to defeat summary judgment. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

## DISCUSSION

Although Plaintiff alleges claims under 47 U.S.C. §§ 553 and 605, it requests that liability be found under § 605 only. (Doc. 41-1 at 8.) Section 605(a) states, in relevant

part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

This section applies to the unauthorized interception of satellite television signals. *DirecTV v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008); *Joe Hand Promotions Inc. v. Spain*, No. CV-15-00152-PHX-SMM, 2016 WL 4158802, at *3 (D. Ariz. Aug. 5, 2016) ("District courts in the Ninth Circuit have . . . held that . . . section 605 applies to satellite signals."). Section 605 is a strict liability statute. *J & J Sports Prods., Inc. v. Greathouse*, No. CV-13-00922-PHX-GMS, 2015 WL 717907, at *2 (D. Ariz. Feb. 19, 2015). "To be held liable for a violation of section 605, a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV,* 644 F.2d 820, 826 (9th Cir. 1981). These elements may be established by circumstantial evidence. *Webb*, 545 F.3d at 844 ("Circumstantial evidence may be sufficiently persuasive. Signal piracy is by its nature a surreptitious venture and direct evidence of actual interception may understandably be hard to come by.").

It is undisputed that Defendants intercepted the Program via DirecTV and displayed it at Sleepy Dog Brewery. Plaintiff provided an affidavit from Michael Conrad, a private investigator, who states that he saw the Program being displayed at Sleepy Dog Brewery on April 26, 2014. (Doc. 41-2, ¶ 9; Doc. 41-4.) It also is undisputed that Plaintiff did not authorize Defendants to display the Program for commercial purposes. According to Joe Hand Jr., President of Joe Hand Promotions, Inc., Plaintiff's programming is encrypted and can be broadcast only after Plaintiff authorizes a commercial activation. (Doc. 42, ¶ 9.) At no time did Plaintiff authorize a commercial activation for Defendants. (Doc. 41-2, ¶ 7.)

Defendants attempt to create a dispute of fact by submitting a declaration from Sizemore, who states that he does not believe the Program was displayed. (Doc. 46-1.) He also speculates that, if the Program was displayed, it was purchased from DirecTV and, therefore, authorized. (*Id.*) Sizemore, however, is not competent to testify on these matters. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Sizemore admits that he was not present at Sleepy Dog Brewery on April 26, 2014 and "has no personal knowledge that any employees or agents of Sleepy Dog broadcast or caused to be broadcast the Program." (Doc. 46-1, ¶ 5.) Consequently, his declaration cannot rebut Plaintiffs' evidence and does not create a genuine issue of material fact.

Moreover, Defendants cannot escape liability simply by noting that they ordered the Program through DirecTV. The DirecTV Commercial Viewing Agreement (Viewing Agreement)[1] warns: "Certain programming Services we transmit may be blacked out or otherwise unavailable to commercial customers in your local reception area due to legal, contractual, or other restrictions. If you circumvent or attempt to circumvent any of these blackouts or programming restrictions, you may be subject to legal action." (Doc. 47-3 at 5.) The Viewing Agreement also states that DirecTV customers "must execute and abide by any and all agreements required by programming provider(s) in connection with [the] use and/or DIRECTV's provision of such Services." (*Id.*) Here, the only competent evidence shows that Defendants intercepted the Program from DirecTV and displayed it

---

[1] The Court may take judicial notice of the Viewing Agreement pursuant to Fed. R. Evid. 201(b)(2) because Defendants have put DirecTV's terms and conditions at issue by arguing that they lawfully obtained the Program from DirecTV, it is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned," and Defendants do not object to Plaintiff's request for judicial notice. *See J & J Sports Prods. v. Coyne*, 857 F. Supp. 2d 909, 916 (N.D. Cal. 2012) (taking judicial notice of Comcast Terms and Conditions Agreement on summary judgment because defendant neglected to provide it despite arguing he had lawfully intercepted the program in question from Comcast).

commercially without authorization from Plaintiff, the exclusive licensee. *See J & J Sports Prods., Inc. v. Carbajal-Armendariz,* No.CV-13-02279-PHX-PGR, 2015 WL 3458145, at *2 (D. Ariz. June 1, 2015) (explaining that the defendant's belief that DirecTV was the plaintiff's agent or licensee was "not a cognizable defense to section 605 liability since that statute is in effect a strict liability statute."); *J & J Sports Prods. Inc. v. Jorkay, LLC*, No. 5:10-CV-542-D, 2013 WL 2629461, at *2 (E.D.N.C. June 11, 2013) ("Although defendants purchased the event from DirecTV, they do not avoid liability for broadcasting the event at their establishment without the authorization of the exclusive licensee, J & J.").[2]

Section 605 authorizes statutory damages for each violation "of not less than $1,000 or more than $10,000, as the court considers just[.]"  47 U.S.C. § 605(e)(3)(C)(i)(II).  Additionally, the court may award enhanced damages of up to $100,000 for each violation if it finds that "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain[.]"  47 U.S.C. § 605(e)(3)(C)(ii).  In assessing whether enhanced damages should be awarded, courts consider "prior infringements, substantial unlawful monetary gains, significant actual damages to the plaintiff, the defendant's advertising of the broadcast, and the defendant's charging a cover charge or premiums for food and drinks during the broadcast." *Innovative Sports Mgmt., Inc., v. Redzic*, No. CV 13-00722-PHX-PGR, 2014 WL 1790943, at *2 (D. Ariz. May 6, 2014).

There is no evidence that Defendants charged patrons a cover to enter Sleepy Dog

---

[2] Sizemore also is individually liable for Defendants' violation.  An individual shareholder may be held liable for a corporate defendant's violation if "(1) the individual had a right and ability to supervise the infringing activities and (2) had an obvious and direct financial interest in those activities." *J & J Sports Prods., Inc. v. Walia*, No. 10-5136 SC, 2011 WL 902245, at *3 (N.D. Cal. March 14, 2011).  As the sole shareholder and managing member of Sleepy Dog Saloon & Brewery LLC and the individual listed on its liquor license, Sizemore has the right and ability to supervise its activities and an obvious and direct financial interest in those activities. *See G & G Closed Circuit Events, LLC v. Miranda*, No. 2:13-cv-2436-HRH, 2014 WL 956235, at *4-5 (D. Ariz. March 12, 2014).  Defendants do not argue otherwise.

Brewery. (Doc. 47-2, ¶ 28.) Between 24 and 39 patrons were present, but there is no indication that the patrons actually were viewing the Program, nor is there evidence that Defendants advertised the Program or charged a premium for food and drinks. (*Id.*, ¶ 27.) Based on Sleepy Dog Brewery's occupancy capacity, it would have cost Defendants between $750 and $850 to broadcast the Program lawfully. (Doc. 42 at 37.) Given the lack of evidence that Defendants achieved "commercial advantage or private financial gain" from broadcasting the Program, the Court awards Plaintiff $1,000 in statutory damages and denies its request for enhanced damages. *See Innovative Sports Mgmt.*, 2014 WL 1790943, at *3 (awarding statutory minimum and denying enhanced damages because there was no evidence that the defendants displayed the program for commercial advantage or private gain).

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment, (Doc. 41), is **GRANTED.** Pursuant to § 605(e)(3)(C)(i)(II), Plaintiff is awarded $1,000 in statutory damages. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, pursuant to § 605(e)(3)(B)(iii), Plaintiff may move for attorney's fees and costs in accordance with LRCiv 54.1 and 54.2.

Dated this 20th day of October, 2016.

_____
Douglas L. Rayes
United States District Judge